UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MATTHEW ROBERT DESCAMPS,<br><br>                Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA and FRED VAN SICKLE,<br><br>                Respondent. | NO. 13-CV-00424-FVS<br><br>ORDER TO PROCEED *IN FORMA PAUPERIS* AND ORDER DISMISSING PETITION |

BEFORE THE COURT is Petitioner's *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Petitioner, a federal prisoner currently housed at the Spokane County Jail pending re-sentencing in cause number 05-CR-00104-FVS-1, seeks leave to proceed *in forma pauperis*. Because it appears Petitioner lacks sufficient funds to prosecute this action, **IT IS ORDERED** that the District Court Executive shall file the Petition without payment of the filing fee.

On the Petition form, Mr. Descamps claims that his Tenth Amendment rights were violated while he was a pretrial detainee. He also asserts unspecified Sixth, Eighth, and Fourteenth Amendment violations, due to the alleged misrepresentation of an unidentified attorney. Petitioner claims that he is being unlawfully held and assaulted by Guards. Complaints about the conditions of a prisoner's confinement are more properly pursued separately in either a § 1983 civil rights complaint (against state actors) or in an action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)

ORDER TO PROCEED *IN FORMA PAUPERIS* AND ORDER DISMISSING PETITION -- 1

(against federal actors) in the jurisdiction where the alleged assaults occurred. Claims concerning the conditions of one's confinement are generally not cognizable on habeas review. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991).

In addition, Petitioner appears to be challenging charges of attempted escape and threatening his wife. It does not appear that either of these charges arose in the Eastern District of Washington. Therefore, if Petitioner wishes to challenge pending charges, he should do so in the jurisdiction in which they arose.

Petitioner also complains that the undersigned judicial officer has not provided hearings for his various motions and complaints. He apparently seeks to have another judge hear his case. Mr. Descamps' previous requests to have the undersigned judicial officer removed from his criminal case were denied. *See* 05-CR-00104-FVS-1, ECF Nos. 303 and 384. He has presented no new basis warranting recusal under 28 U.S.C. § 455(a). Once again, a party may not obtain recusal based upon an adverse ruling. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999). To the extent Petitioner is seeking to recuse the undersigned judicial officer, his request is **DENIED.**

## HABEAS PETITION

The Court is obliged to screen Mr. Descamps' petition to determine whether he is entitled to relief under § 2241. *See* Rule 4, Rules Governing 28 U.S.C. § 2254 Cases; (applicable to § 2241 petitions under Rule 1(b)); *see also* 28 U.S.C. § 2243. The Court may summarily dismiss a petition if it appears from its face that Petitioner is not entitled to relief. *See* 28 U.S.C. § 2243.

The four asserted grounds for relief on the petition form appear confused. First, Petitioner asserts that "judicial misconduct prejudice against poor people" caused his father to have a heart attack and die. Next, he claims he has "never justfully [sic] and legally been represented by a[n] attorney that has done as [he] ask[ed]." In his third ground for relief, Petitioner asserts that "all the facts" were not "constitutional[ly]

ORDER TO PROCEED *IN FORMA PAUPERIS* AND ORDER DISMISSING PETITION -- 2

presented by [his] attorneys for state all through federal court." He also claims the undersigned judicial officer "unlawfully unconstitutionally dismissed" all of his motions without hearing them. None of these assertions are supported by facts which would entitled Mr. Descamps to relief.

In his request for relief, Petitioner states merely that he "need[s] a[n] attorney to represent [him] properly." The Court notes that attorney Chris Bugby has been appointed to represent him in the criminal matter. He is at least the sixth attorney appointed in cause number 05-CR-00104-FVS-1. A court-appointed attorney is appointed solely for the purpose of representing the accused in a criminal matter. To the extent Mr. Descamps may have believed that appointed attorney was available to represent him in the investigation and/or filing of a civil rights complaint under 42 U.S.C. § 1983, he was mistaken.

Petitioner also contends that the U.S. Supreme Court decision, *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151 (2013)(because brandishing a firearm, rather than merely carrying it, in connection with a crime of violence, increases the mandatory minimum sentence by two years, it is an element of the offense which must be found by a jury), applies to the circumstances of his case. Petitioner, however, fails to provide facts showing how the *Alleyne* decision is applicable. Regardless, this is an issue which may be presented in his pending criminal matter.

## SUPPLEMENTAL DOCUMENTS

On January 3, 2014, the Court received numerous documents from Mr. Descamps, including: "Statement of the Unlawful Unconstitutional Actions of Judge Fred Van Sickle" (9 pages), ECF No. 6; "Table of Contents/Statement of the Case" (10 pages), ECF No. 7, and "Miscellaneous Pages 1-35" (35 pages), ECF No. 8. On January 9, 2014, the Court received an additional 32 pages of documents, ECF No. 5, consisting of numerous declarations and certificates of service by mailing (6 pages); a "Statement to:

ORDER TO PROCEED *IN FORMA PAUPERIS* AND ORDER DISMISSING PETITION -- 3

Newspapers" (1 page); a "Formal Complaint" to Attorneys General (1 page); a "Declaration of Unconstitutionality" in which Petitioner asserts that he has complained about the undersigned judicial officer to the Supreme Court and Ninth Circuit Court of Appeals, claiming his many motions, writs and statements have been wrongfully dismissed and that none of his attorneys has ever helped him as they have not appealed or argued as he has asked them (7 pages); a document titled, "United States Judge Fred Van Sickle!," complaining that his sentence was unconstitutionally enhanced and he was unlawfully charged booking fees (1 page); and a "Declaration of: . . . unconstitutionality and outrageous government misconduct" (16 pages).

In these supplemental documents Mr. Descamps asserts that he objected to a "so-called signed statement" at a suppression hearing, and appears to be asserting that he was questioned unlawfully in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966), and that an ATF agent presented false information regarding this "signed statement" in violation of 18 U.S.C. § 1001. ECF No. 6. He also appears to contend the undersigned judicial officer lacked authority to order a mental evaluation. *Id.* This contention lacks merit. *See* 18 U.S.C. § 4241.

## § 2241 PETITION

Mr. Descamps has successfully challenged the calculation of his sentence to the U.S. Supreme Court in cause number 05-CR-00104-FVS-1. Because the judgment in Petitioner's criminal case is not yet final, the Court has not had an opportunity to rule on a properly filed habeas petition. The Court notes that challenges to federal criminal proceedings should be brought in the pending criminal matter.

The Court finds the present petition pursuant to 28 U.S.C. § 2241, even supplemented with his additional documents, either does not assert claims which entitle Mr. Descamps to relief or Petitioner may assert his claims in the pending criminal matter. Therefore, **IT IS ORDERED** the Petition is **DENIED without prejudice** to raising

ORDER TO PROCEED *IN FORMA PAUPERIS* AND ORDER DISMISSING PETITION -- 4

issues appropriately in 05-CR-00104-FVS-1.[1]  The Court finds there is no arguable basis in law or fact for appealing this decision.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order, enter judgment, forward a copy to Petitioner and close this file.

**DATED** this ___16th___ day of January 2014.

                        s/ Fred Van Sickle
                        FRED VAN SICKLE
                SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Petitioner asserts that predicates out of Stevens and Pend Orielle Counties in Washington State are being used unconstitutionally. ECF No. 8, page 2.  Because Mr. Descamps' re-sentencing in 05-CR-104-FVS is not scheduled until February 21, 2014, this challenge in a separate habeas action is pre-mature and improper. Petitioner should raise it appropriately through assigned counsel in the underlying criminal matter.

ORDER TO PROCEED *IN FORMA PAUPERIS* AND ORDER DISMISSING PETITION -- 5